R. H. BOULIGNY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104207. Promulgated October 24, 1941.

*F. A. McCleneghan, Esq.,* and *Robert Lassiter, Jr., Esq.,* for the petitioner.

*E. L. Corbin, Esq.,* for the respondent.

458

## OPINION.

TYSON: The question presented for decision is whether the Commissioner erred in failing to allow a dividends paid credit of $11,500 in computing the petitioner's surtax on undistributed profits for the year 1936. The dividends paid credit allowed to corporations by section 27 of the Revenue Act of 1936 is a factor in the computation of the undistributed net income of the corporation on which the

surtax is imposed, section 14 (a) (2), and (b); and it "shall be the amount of dividends paid during the taxable year", section 27 (a).

The point of difference between the parties is whether the dividend of 50 percent declared on December 28, 1936, and immediately credited to the accounts of its stockholders was paid during the taxable year within the meaning of section 27 (a). The evidence shows that this dividend was duly declared without restriction, was credited to the personal accounts of the stockholders, and thereafter was under their absolute control, but that during the taxable year no portion thereof was actually withdrawn by the stockholders or paid to them in money or property. The Commissioner contends that the statute contemplates actual payment by the corporation to the stockholders and that, since this was not done, the credit claimed should be disallowed. On the contrary, the petitioner contends that it became obligated unconditionally to the stockholders for the dividend on December 28, 1936; that on that date the dividends became immediately available to the stockholders and subject to their absolute control; and that such facts are sufficient to constitute payment within the meaning of section 27 (a).

Recently decided cases recognize that dividends may be declared and credited to stockholders in such manner and under such circumstances as to constitute the equivalent of actual payment. The test in such cases is whether the right of the stockholder has so matured as to subject the dividend credited on the corporation's books to the complete control of the stockholder and remove it from the control of the corporation. Whenever that test is satisfied, the book credit is regarded as the equivalent of cash and constitutes payment of the dividend for the purpose of the dividends paid credit, under section 27 (a). *Valley Tractor & Equipment Co.*, 42 B. T. A. 311; *Atlantic Land Co.*, 43 B. T. A. 74; *Valley Lumber Co. of Lodi*, 43 B. T. A. 423; *John Gerber Co.*, 44 B. T. A. 26; *Interstate Transit Lines, Inc.*, 44 B. T. A. 994.

We think that the best test established in the cited cases has been met and the petitioner is entitled to the credit in the amount of $11,500. The evidence shows that on December 28, 1936, the petitioner's directors intended to, and the petitioner did in fact, pay a dividend in the amount of $11,500, and that the amounts credited to the stockholders were removed on that day from the control of the petitioner and came within the complete control of the stockholders. The petitioner on that date had both an earned surplus and cash on hand in excess of the dividend declared, the resolution imposed no restriction on the right of withdrawal, each of the stockholders had the authority to draw checks against the petitioner's funds, and there is no evidence what-

ever of any collateral understanding that the amounts would not be withdrawn. The payments on that date of the dividends by the corporation were real and the dividends were constructively received by the stockholders on that date.

With reference to the assessment of $40 per share levied upon the stock two days after the declaration of the dividend and the crediting of the amount thereof to the stockholders, we think the evidence is conclusive that such action was what it purported to be, namely, a bona fide assessment against the stock. The circumstances under which it was brought about and the reasons for making it do not warrant the conclusion that it was a diminution in the amount of the dividends previously declared and credited to the stockholders' accounts, or that it was a renunciation by the stockholders of their right to any part of such dividends. It was not until December 30 and after the right of the stockholders to the dividend had attached unconditionally that the question of levying the assessment arose. It was then, for the first time, that the petitioner and its stockholders, through the advice given them by the petitioner's accountant, became aware of the fact that the petitioner's credit standing had been impaired and that some remedial action was necessary to restore it. The accountant advised that, as such remedial action, some amount be contributed by the stockholders to the corporation as paid-in surplus to create a proper ratio of current assets to liabilities, and the stockholders thereupon consented to an assessment of $40 per share, which was duly made by the corporation. The adoption of this procedure was not intended as a cancellation or restoration to the petitioner in part of the dividend which had been declared and credited. The finality of such declaration and credit was fully recognized by the petitioner and the two stockholders, both of whom were informed by the accountant at the time he gave his above mentioned advice, that the stockholders would be required, despite the assessment, to report in their personal income tax returns the full amount of the dividends declared and credited to them, and they gave due effect to their understanding of the transaction by including the full amount of the dividends in their gross income for the year 1936. By such inclusion in the income of the stockholders, the purpose of sections 14 and 27 (a) was fulfilled. See *Atlantic Land Co., supra; Valley Lumber Co. of Lodi, supra;* and concurring opinion in *Valley Tractor & Equipment Co., supra.*

*Decision will be entered under Rule 50.*